UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HUSAM ODEH | CIVIL ACTION NO.: |
| v. | |
| TYRONE BUTLER, IN HIS INDIVIDUAL CAPACITY; M. ROSENBOHM, IN HIS INDIVIDUAL CAPACITY; K. ARNOLD, IN HIS INDIVIDUAL CAPACITY; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS – STATE POLICE; EAST JEFFERSON LEVEE DISTRICT POLICE DEPARTMENT; EAST JEFFERSON LEVEE DISTRICT; SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY-EAST; AND ABC INSURANCE COMPANY | SECTION: |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff Husam Odeh, who hereby files this Complaint against defendants Tyrone Butler, M. Rosenbohm, K. Arnold, Louisiana Department of Public Safety and Corrections, Louisiana Department of Public Safety and Corrections-State Police, East Jefferson Levee District Police Department, East Jefferson Levee District, and Southeast Louisiana Flood Protection Authority-East, and ABC Insurance Company, and in support thereof asserts the following facts and allegations:

**1.**

Plaintiff Husam Odeh ("Odeh") is of the age of majority and a resident of the city of Gretna, Jefferson Parish, State of Louisiana. Odeh's country of national origin is Palestine. His race is Arabic. Mr. Odeh is a citizen of the United States.

1

2.

Defendant Tyrone Butler ("Butler") is of the full age of majority and a law enforcement officer employed by either: (1) the Louisiana Department of Public Safety and Corrections, or (2) Louisiana Department of Public Safety and Corrections-State Police, or (3) East Jefferson Levee District Police Department, or (4) East Jefferson Levee District, or (5) Southeast Louisiana Flood Protection Authority–East, in Jefferson Parish.

This lawsuit is brought against Butler in his individual capacity. At all times pertinent hereto, Butler was acting in the course and scope of his employment with his employer as a law enforcement officer. Further, at all times pertinent hereto, Butler was acting under color of state law.

3.

Defendant M. Rosenbohm ("Rosenbohm") is of the full age of majority and a law enforcement officer employed by either: (1) the Louisiana Department of Public Safety and Corrections, or (2) the Louisiana Department of Public Safety and Corrections-State Police, or (3) East Jefferson Levee District Police Department, or (4) East Jefferson Levee District, or (5) Southeast Louisiana Flood Protection Authority – East.

This lawsuit is brought against Rosenbohm in his individual capacity. At all times pertinent hereto, Rosenbohm was acting in the course and scope of his employment with his employer as a law enforcement officer. Further, at all times pertinent hereto, Rosenbohm was acting under color of state law.

4.

Defendant K. Arnold ("Arnold") is of the full age of majority and a law enforcement officer employed by either: (1) the Louisiana Department of Public Safety and Corrections, or

(2) the Louisiana Department of Public Safety and Corrections – State Police, or (3) East Jefferson Levee District Police Department, or (4) East Jefferson Levee District, or (5) Southeast Louisiana Flood Protection Authority-East. This lawsuit is brought against Arnold in his individual capacity.

This lawsuit is brought against Arnold in his individual capacity. At all times pertinent hereto, Arnold was acting in the course and scope of his employment with his employer as a law enforcement officer. Further, at all times pertinent hereto, Arnold was acting under color of state law.

**5.**

Defendant Louisiana Department of Public Safety and Corrections is a governmental subdivision of the State of Louisiana. Defendants Butler, Rosenbaum, and Arnold are duly commissioned by the Louisiana Department of Public Safety and Corrections.

**6.**

Defendant Louisiana Department of Public Safety and Corrections-State Police is a governmental subdivision of the State of Louisiana. Defendants Butler, Rosenbaum, and Arnold are duly commissioned by the Louisiana Department of Public Safety and Corrections.

**7.**

Defendant East Jefferson Levee District is a local governmental subdivision of Jefferson Parish. Alternatively, East Jefferson Levee District is a governmental subdivision of Louisiana Department of Public Safety and Corrections or Louisiana Department of Public Safety and Corrections-State Police Department.

8.

Defendant East Jefferson Parish Levee District Police Department is a local governmental subdivision of Jefferson Parish.  Alternatively, East Jefferson Levee District Police Department is a governmental subdivision of Louisiana Department of Public Safety and Corrections or Louisiana Department of Public Safety and Corrections-State Police Department.

9.

Defendant Southeast Louisiana Flood Protection Authority-East is a governmental subdivision created and existing by virtue of the laws of the State of Louisiana.

10.

Defendant ABC Insurance Company, as insurer for all defendants, had in full force and effect insurance coverage for all misconduct and acts and/or commission alleged in this Complaint.

## JURISDICTION

1.

This Complaint seeks, *inter alia,* damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1988 for violation of Odeh's civil rights and for related claims.

2.

This Court has jurisdiction over the plaintiff's federal claims asserted by Odeh in this case pursuant to 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343. This Court has supplemental jurisdiction over Odeh's state law claims pursuant to 28 U.S.C.A. § 1367.

## VENUE

The misconduct, and acts or omissions, giving rise to the Odeh's claims arose and occurred in Jefferson Parish. Therefore, venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C.A. § 1391(b)(2).

## FACTUAL ALLEGATIONS

On Saturday, October 20, 2018, Husam Odeh and his son Neil arrived at the River Road near the levee in Jefferson, Louisiana for Neil's cross-country track meet that was to be conducted on the levee batcher.  The Odehs' arrived very shortly before for the cross-country meet.  Odeh temporarily parked his vehicle just off the River Road near the levee so the Neil could get to the starting line.  Many other vehicles were also parked on the levee near Odeh.  Defendant Arnold began to speak over a P.A. system that no cars were permitted to be parked on the levee.  Odeh advised defendant Arnold that he needed 2 minutes to run up the levee so that he could take a few photos of the start of the cross-country meet.  Arnold appeared to look patient and Odeh and did not say anything to him to indicate that this would be a problem, issue, and Arnold did nothing prevent Odeh from taking photos of this very important event.  Odeh ran up the levee and took 4 photos of his son starting the cross-country meet.  By the time Odeh returned, Rosenbohm and his police unit had arrived near Odeh's vehicle.  Both defendants observed Odeh enter his vehicle and neither officer had any interaction nor gave instructions to him.  Odeh entered his vehicle, put his seatbelt on, and opened the window on the driver's side half-way.  At that moment, Butler arrived on the scene, approached Odeh vehicle, and began yelling at Husam mercilessly.  Butler then forcibly opened the driver's side door of Odeh vehicle.  Examples of what defendant Butler yelled at Odeh are as follows:

1. "Move now or I'll arrest you!!"

2. "You are very stupid!!"

3. "I don't know what country you come from, but this is not how we do things around here!!"

4. "You might get arrested because I am sick of you people!!"

At all times, Odeh was cooperative and non-confrontational with Butler. Odeh, in fear for his own safety at this time, advised Butler that there was not a problem and that he wanted to move his vehicle, but the vehicle door remained open. Odeh asked Butler to please close the door of the vehicle so that he could move the vehicle. In response, Butler stated: "Make me!" Odeh began to look to Rosenbohm and Arnold for assistance. Odeh observed Rosenbohm simply smiling at what was occurring. Arnold was looking to the levee to see others who were watching this incident and most likely fearing that there would be witnesses to this wrongdoing and what might happen next to Odeh, including use of excessive physical force. Odeh calmly waited for Butler to finish his rant. Butler slammed Odeh's door shut and told him: "I don't want to see you around here anymore or ill arrest you!!" . . . "Leave now!!" Odeh complied and drove onto the River Road away from the cross-country meet.

Odeh, assuming the incident was over with, left and found a parking spot nearby and out of the way of the defendant officers. Shortly thereafter, Butler, followed by Rosenbohm and defendant Arnold, ran to where Odeh was parked. Butler exclaimed: "I told you to move from around here." Odeh replied that he must wait for his son to complete his cross-country meet and allow his son to come back to the vehicle. Regardless, Butler began to issue a ticket for driving on the levee and failure to obey an officer. Just then, an unidentified officer ("Officer X") arrived. Odeh looked to Officer X for assistance because Odeh did not feel safe around the other officers. Butler squeezed his way into Odeh's conversation with Officer X and advised Odeh to

6

talk with him, not Officer X.  Officer X asked Odeh if he had any weapons in his vehicle.  Odeh replied that he had a gun (and was permitted by law to carry it).  Officer X asked if he could reach into the vehicle to get the gun.  Odeh agreed.  The gun was turned over to Arnold.  Butler then asked for Odeh's identification.  Odeh questioned why he should give his identification for non-moving violations.  No answer was given by Butler.  Odeh then asked for a supervisor.  Butler said no, "I am the supervisor."  Butler gave the Summons to Odeh.  However, for unknown reasons, the Summons was blank.  Odeh questioned Butler about the blank Summons.  Butler re-wrote the Summons at Odeh's request.  Odeh then talked again with Officer X because he still did not feel safe around Butler, Rosenbohm, and Arnold.  Indeed, throughout the incident, there were several times when Odeh feared for his life.  As Odeh talked to Officer X, defendant M. Rosenbohm came up to Odeh and told him to: "Shut the f**k up."  Odeh and Officer X explained to Rosenbohm that the two gentlemen were having their own discussion.  Officer X gave Odeh his gun and identification back.

In sum, Odeh was unlawfully detained for over 22 minutes, harassed, racially profiled, and discriminated against based on race and national origin at the hands of the defendant officers.  To add insult to injury, Odeh also completely missed his son's cross-country track meet.

## FEDERAL CLAIMS FOR RELIEF

## 42 U.S.C. § 1983

1.

Plaintiff re-alleges and incorporates by reference all paragraphs set forth in this Complaint, above, as though fully set forth here.

**2.**

The misconduct and acts and/or omissions of defendants Butler, Rosenbohm, and Arnold alleged in this Complaint violated Odeh's right to be free from discrimination on the basis of race, religion, and national origin as guaranteed by the 4th Amendment and the 14th Amendment of the United States Constitution.

**3.**

Defendants Butler, Rosenbohm, and Arnold are legally responsible: (1) for the incident, unlawful conduct, injuries and damages sustained as alleged in this Complaint by personally participating in the unlawful conduct; and/or (2) by failing to take action to prevent the unlawful conduct.

**4.**

Defendants' misconduct directly and proximately caused Odeh to suffer injury including shock, extreme emotional distress, humiliation, and legal fees.

**5.**

Accordingly, defendants Tyrone Butler, Rosenbohm, and Arnold are liable for their actions and/or omissions pursuant to 42 U.S.C. § 1983.

**42 U.S.C. § 1985(3)**

Plaintiff re-alleges and incorporates by reference all paragraphs set forth in this Complaint, above, as though fully set forth here.

**1.**

The actions and/or omissions of Butler, Rosenbohm, and Arnold violated plaintiff's right to equal protection and to be free from discrimination on the basis of race, religion, and national

8

origin as guaranteed by the 4th Amendment and the 14th Amendment of the United States Constitution.

**2.**

The facts set forth in this Complaint show that Butler, Rosenbohm, and Arnold violated 42 U.S.C. § 1985(3) because they: (1) entered a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, Odeh of the equal protection of the laws; and (3) an act in furtherance of the conspiracy by expressing a clear hatred of Odeh's race and national origin, harassment, threatening behavior by law enforcement, causing Odeh to fear for his safety and his life.; (4) causing injury to a Odeh, including but not limited to, shock, extreme emotional distress, humiliation, and legal fees.  The actions and/or omissions of Butler, Rosenbohm, and Arnold in this case represent clear discriminatory animus based on race and national origin by a persistent course of action of comments, actions, and misconduct.

**3.**

Defendants Butler, Rosenbohm, and Arnold are legally responsible: (1) for acting jointly or conspiring with each other and with others to act; (2) by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct: (3) by failing to take action to prevent the unlawful conduct; (4) by being deliberate indifferent to plaintiff's rights; and (5) by ratifying the unlawful conduct that occurred by other agents and officers under their direction and control, including failing to take remedial or disciplinary action.

**4.**

Accordingly, defendants Butler, Rosenbohm, and Arnold are liable for their actions and/or omissions pursuant to 42 U.S.C. § 1985(3).

## SUPPLEMENTAL STATE LAW CLAIMS

### NEGLIGENCE

Plaintiff Odeh re-alleges and incorporates by reference all paragraphs set forth in this Complaint, above, as though fully set forth here.

At all relevant times, defendants Butler, Rosenbohm, and Arnold were employed as law enforcement officers by either the (1) the Louisiana Department of Public Safety and Corrections, or (2) Louisiana Department of Public Safety and Corrections – State Police, or (3) East Jefferson Levee District Police Department, or (4) East Jefferson Levee District, or (5) Southeast Louisiana Flood Protection Authority – East, in Jefferson Parish.  At all relevant times, Butler, Rosenbohm, and Arnold, were acting in the course and scope of their employment when their actions and/or omissions set forth in this Complaint occurred.  The acts and/or omissions of defendants Butler, Rosenbohm, and Arnold were the direct and proximate cause of Odeh's injuries.  Therefore, the above-named governmental subdivisions defendants, as employer of defendants Butler, Rosenbohm, and Arnold, are vicariously liable for the acts and/or omissions and/or negligence of defendants pursuant to La. C.C. arts. 2315, 2316, and 2320.

Moreover, based on the facts set forth in this Complaint, defendants Butler, Rosenbohm, and Arnold are also ***personally liable*** to Odeh for their actions and/omissions and/or negligence pursuant to LSA-C.C. arts. 2315 and 2316.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Odeh re-alleges and incorporates by reference all paragraphs set forth in this Complaint, above, as though fully set forth here.

Based on the facts set forth in this Complaint, the conduct of defendants Butler, Rosenbohm, and Arnold in handling the situation set forth herein was extreme and outrageous

because it went "beyond all possible bounds of decency" and could easily be regarded as atrocious and utterly intolerable in a civilized community.  Further, the emotional distress suffered by the plaintiff, including the persistent harassment of Odeh and causing him to fear for his safety and life was severe.  Defendants Butler, Rosenbohm, and Arnold clearly desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.  As a result defendants' intentional actions, Odeh suffered extreme emotional distress.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Husam Odeh requests the following relief:

1. Compensatory damages against each defendant, jointly and severally, in an amount to be proven at trial;

2. A jury trial;

3. Punitive and exemplary damages against each individual defendant in an amount appropriate to punish each individual defendant and deter others from engaging in similar misconduct;

4. Court costs;

5. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and as otherwise authorized by statute or law;

6. Pre-judgment and post judgment interest; and

7. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

Respectfully submitted;

/s/ *Stephen H. Shapiro*
STEPHEN H. SHAPIRO (#21076) (Trial Attorney)
Attorney at Law
A Limited Liability Company
700 Camp Street
New Orleans, LA 70130
Telephone: (504) 309-8442
E-mail:  steve@shapirolaw-nola.com

GEORGE G. ANGELUS, PLC (#2496)
Attorney at Law
700 Camp Street – Suite 412
New Orleans, LA 70130
Telephone: (504) 524-4608
Email: gangelus4@aol.com

**Counsel for Husam Odeh**

**\*\* Service of Process to be Made Via Waiver of Service of Complaint and Citation \*\***